UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br><br>$55,564 IN UNITED STATES CURRENCY,<br><br>                    Defendant. | Civ. Action No. 08-5184 (KSH)<br><br><br><br>**OPINION AND ORDER** |

**Katharine S. Hayden, U.S.D.J.**

      Claimant Pravin Vasoya ("Vasoya") seeks the return of $55,664 seized from his home in June 2008 when agents of the Drug Enforcement Agency ("DEA") arrested him for illegally selling drug prescriptions. Along with the cash, DEA agents also seized 75 carbon copies of illegal prescriptions, which Vasoya allegedly was selling for $1,000 each. In October 2008, after Vasoya pleaded guilty to a one-count information for violations of 21 U.S.C. § 841, the

government filed the instant forfeiture action *in rem*. In December 2008, Vasoya filed his claim and answer in this matter.

The government now moves to strike Vasoya's claim and answer for failure to establish standing because he did not respond to the government's special interrogatories, as required by 18 U.S.C. § 983(a)(4)(A), which provides the general rules for forfeiture proceedings, and by the corresponding Supplemental Rules for Admiralty or Maritime Claims And Asset Forfeiture Actions ("Supplemental Rules"). [D.E. 13.]  Supplemental Rule G(6) allows the government to submit special interrogatories in a forfeiture action regarding a claimant's identity and relationship to the defendant property. Supplemental Rule G(8)(c)(i)(A) provides that, at any time before trial, the government may move to strike a claim "for failing to comply with Rule G(5) or (6)."

In February 2009, Vasoya was sentenced to 57 months incarceration. On March 3, 2009, the government, pursuant to Supplemental Rule G(6)(a), served Vasoya's previous counsel with 24 special interrogatories, which are required to be answered within 21 days. The interrogatories, *inter alia*, asked Vasoya to give information about the seized funds and his personal finances, to detail his ties with a list of 21 people, and to provide an in-depth narrative of events related to his arrest. [D.E. 13.] Vasoya's counsel forwarded Vasoya's responses to the government in March 2009. Claiming the answers were insufficient and nonresponsive, the government sent Vasoya a "follow-up request" in November 2009 to answer the 24 interrogatories, 13 of which he had "completely failed" to respond to. [Mot. to Strike, 6.]

A series of delays then began, including requests by Vasoya's counsel to grant extensions of time based on Vasoya's incarceration.

On February 15, 2010, Vasoya forwarded a letter to his counsel to serve as a "substitution for complete and specific answers" to the interrogatories. [Certification in Opp'n to Mot. to Strike ("Certification in Opp'n") 3, D.E. 14.]

On February 17, 2010, after a phone conference on the record, Magistrate Judge Patty Shwartz ordered that Vasoya provide "complete responses" to the interrogatories and warned that his failure to do so by March 12, 2010 could result in sanctions and "a recommendation that his claim be struck." [D.E. 12.]

In opposing the government's motion, Vasoya's counsel has filed a certification in which he informs the Court that he has experienced repeated difficulties in obtaining responses from Vasoya. [Certification in Opp'n, ¶¶14-24, D.E. 14.] Counsel also submits a letter dated March 4, 2010, advising Vasoya that he needed "to answer every question in detail including dates where appropriate," and that failure to do so "will result in the dismissal of your claim to the currency." [Id., Ex. F.] After the government filed the instant motion, Vasoya's counsel sent a second letter to Vasoya advising him to provide answers to the interrogatories, but Vasoya again did not respond. [Id. ¶ 23-24.]

In order to contest a forfeiture action in federal court, Vasoya must have statutory standing, *U.S. v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 150 (3d Cir. 2003) (citing *U.S. v. Contents of Accounts Nos. 3034504504 & 14407143* (*In re Friko Corp.*), 971 F.2d 974, 984 (3d Cir. 1992)), which in turns requires compliance "with both the statutory and procedural requirements delineated in 18 U.S.C. § 983(a)(4)(A) and the corresponding Supplemental Rules for Admiralty or Maritime Claims And Asset Forfeiture Actions (Supplemental Rules)." *U.S. v. $39,557.00, More or Less, in U.S. Currency*, 683 F. Supp. 2d 335, 338 (D.N.J. 2010). To

establish statutory standing, a plaintiff must strictly comply with the requirements of Supplemental Rule G(6).  *U.S. v. Vehicle 2007 Mack 600 Dump Truck*, 680 F. Supp. 2d 816, 822 (E.D. Mich. 2010) (citing *United States v. One 2001 Cadillac Deville Sedan*, 335 F. Supp. 2d 769, 772 (E.D. Mich. 2004).

Here, the special interrogatories pursuant to Rule G(6)(a) first were served on Vasoya in March 2009.  Despite repeated requests by the Government and Vasoya's own counsel to respond, as well as an order by the Court to do so by March 12, 2010, Vasoya has failed to provide complete responses to the special interrogatories.[1]  As such, it is plain that Vasoya lacks statutory standing to contest the government's forfeiture action.  The government's motion to strike his claim and answer is **granted.**

**SO ORDERED** this 30th day of December, 2010.

/s/ Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.

---

[1] The Court further notes that Vasoya's opposition to the present motion does not contest the government's arguments.